IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JASON E. HAAKE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No.: |
| v. | ) |
| | ) Judge: |
| MACNEIL AUTOMOTIVE PRODUCTS | ) |
| LLC a/k/a MacNeil Automotive | ) Magistrate Judge: |
| Products Ltd, d/b/a WEATHERTECH, | ) |
| an Illinois limited liability | ) Plaintiff Demands |
| | ) Trial By Jury |
| company, | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT**

NOW COMES, the Plaintiff, JASON HAAKE, by and through his attorney, John E. Partelow, and for his complaint against defendant MACNEIL AUTOMOTIVE PRODUCTS LLC a/k/a MacNeil Automotive Products Ltd d/b/a Weathertech ("Weathertech"), states as follows:

## A. Introduction

1. This is an action for sexual harassment, hostile work environment and wrongful discharge pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sec. 2000(e), et. seq. ("Title VII"), the Illinois Human Rights Act, 775 ILCS 5/101, et. seq. ("IHRA"), the Civil Rights Act of 1866, 42 U.S.C. Sec. 1981 ("Section 1981") and Illinois common law.

## B. Jurisdiction and Venue

2. This court has jurisdiction of these claims pursuant to 28 U.S.C. Sections 1331 and 1343. The court has jurisdiction over plaintiff's state law claims pursuant to 28 U.S.C. Section 1367.

3. Venue is proper under U.S.C. Section 1391 because all of the conduct complained of occurred within this district.

## C. The Parties

4. Plaintiff is an adult resident of the County of Will, State of Illinois.

5. Defendant is an Illinois limited liability company organized undr the laws of the State of Illinois, with its principal place of business in the City of Bolingbrook, County of Will, State of Illinois.

## D. Procedural Background

6. Plaintiff exhausted his administrative remedies by filing a timely charge with the U. S. Equal Employment Opportunity Commission (the "EEOC").

7. The EEOC issued the plaintiff a Notice Of Right To Sue on September 7, 2021. A true and correct copy of that notice is attached hereto as Exhibit "A".

8. This complaint was filed within 90 days of plaintiff's receipt of the EEOC's Notice Of Right To Sue.

### E. Factual Background

9. Plaintiff was employed by defendant Weathertech from May of 2016 to April of 2019 in the landscaping department, on the defendant's Bolingbrook Illinois manufacturing and distribution campus. The Weathertech Bolingbrook campus consisted of multiple buildings in proximity with each other on Remington Boulevard. Plaintiff's duties included activities both inside and outside of the buildings to which he was assigned.

10. At all times relevant hereto, plaintiff was performing his duties in a manner consistent with the expectations and requirement of his job descriptions and was receiving evaluations form his employer indicating that his performance was consistently meeting or exceeding the requirements of the job.

11. Beginning in the late fall of 2018, plaintiff became the subject of unwanted sexual advances from a co-worker, Mary Davis. The repeated and unwanted contact continued for several months and consisted of repeated remarks, invitations, advances and other suggestive conduct of a sexual nature from Ms. Davis.

12. The conduct by Ms. Davis was unwanted, discouraged by plaintiff and quickly rose to the level of regular sexual harassment. Plaintiff repeatedly advised Ms. Davis that the

conduct was unwanted, making him feel uncomfortable in the workplace and should cease. Plaintiff's efforts to discourage and avoid the harassing conduct from Ms. Davis was unsuccessful and began to impair the terms and conditions of his employment with defendant Weathertech.

13. Plaintiff complained of the unwanted sexual harassment to the human resources department of defendant and personally spoke and met with members of the human resources department of defendant.

14. While the human resources department initially took certain steps in response to plaintiff's complaints, those efforts were insufficient to stop the sexual harassment of plaintiff or to adequately correct the hostile work environment created by the sexual harassment of plaintiff.

15. Plaintiff advised the human resources of the ongoing nature of the sexual harassment and the continued existence of the hostile work environment and no further steps, or inadequate steps were taken by defendant to correct the ongoing sexual harassment and the existence of the hostile work environment.

16. Defendant's failure to take the reasonable and necessary steps to stop the sexual harassment of plaintiff, and to eliminate or mitigate the hostile work environment, caused plaintiff to continue to suffer from the sexual harassment and a hostile work environment in the workplace. This failure created

and maintained a workplace that was improperly and unlawfully intolerable for plaintiff.

17. Subsequent to plaintiff's complaints of the sexual harassment and hostile work environment caused by Ms. Davis, and the failure of the human resources department to mitigate same, defendant's employees and agents, caused plaintiff to be demoted, reassigned and otherwise retaliated against for his complaints.

18. Subsequent to plaintiff's complaints and his dmotion and reassignement, defendant's employees and agents, in the person of plaintiff's supervisor(s), caused plaintiff to be unnecessarily, publicly and forcibly removed from the business premises during a work shift, with the assistance of the Bolingbrook police, for false and entirely pretextual reasons. These actions, and their aftermath, created a work environment so intolerable as to cause plaintiff to resign his employment and constituted a constructive discharge, all in retaliation for the making of his sexual harassment complaint.

### Count I

**(Title VII - Sexual Harassment - Hostile Work Environment)**

19. Plaintiff realleges and incorporates herein by this reference each of the foregoing paragraphs as though fully set forth herein.

20. At all times relevant hereto plaintiff was performing his job in a manner that was consistent with the legitimate business expectations of defendant Weathertech.

21. Defendant Weathertech, through its employees and agents created, and/or allowed to be created and perpetuated, an offensive and hostile work environment by allowing plaintiff to be continually sexually harassed and subjected to a sexually hostile work environment, all in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sec. 2000(e), et. seq.

22. Defendant Weathertech, through its employees and agents, failed to take all necessary and reasonable steps to stop and/or correct the ongoing sexual harassment and the hostile work environment to which plaintiff was subject.

23. Defendant's failure to take all necessary and reasonable steps to stop and/or correct the ongoing sexual harassment and the hostile work environment to which plaintiff was subject, and the additional actions by defendant's employees and agents, including his unnecessary, pretextual and forcible removal from the business premises with the assistance of the Bolingbrook police, created a work environment so intolerable that it caused plaintiff to resign involuntarily

24. By allowing this conduct defendant Weathertech discriminated against plaintiff in violation of 42 U.S.C. Sec. 2000(e), et. seq., as amended.

25. The aforedescribed discriminatory conduct by defendant Weathertech caused plaintiff to suffer emotional pain, humiliation, mental anguish, loss of enjoyment of life and emotional distress, all in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sec. 2000(e), et. seq.

26. Further, the aforedescribed action on the part of defendant Weathertech was done with malice and reckless disregard for the rights of plaintiff.

### Count II

### (Title VII - Retaliation)

27. Plaintiff realleges and incorporates herein by this reference each of the foregoing paragraphs as though fully set forth herein.

28. Defendants' employees and agents did intentionally retaliate against plaintiff for making his complaints regarding the sexual harassment and the hostile work environment he was being made subject to.

29. Said retaliation consisted of the following: (a) failing to properly and adequately discipline the harasser, (b) the unwarranted demotion of plaintiff, (c) the unwarranted reassignment of plaintiff, (d) having plaintiff unnecessarily, publicly and forcibly removed from the business premises during a work shift, with the assistance of the Bolingbrook police, for false and entirely pretextual reasons, (e) constructively

discharging plaintiff, (f) otherwise creating a work environment so intolerable that it caused plaintiff to resign involuntarily.

30. By reason of this retaliatory conduct plaintiff suffered the loss of employment, wages and benefits, emotional pain, humiliation, mental anguish, loss of enjoyment of life and emotional distress, all in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sec. 2000(e), et. seq.

### Count III

### (IHRA - Sexual Harassment)

31. Plaintiff realleges and incorporates herein by this reference each of the foregoing paragraphs as though fully set forth herein.

32. By reason of the sexual harassment and the failure to take the necessary steps to eliminate or mitigate the same plaintiff suffered the loss of employment, wages and benefits, emotional pain, humiliation, mental anguish, loss of enjoyment of life and emotional distress, all in violation of the Illinois Human Rights Act, 775 ILCS 5/101, et. seq.

### Count IV

### (IHRA - Retaliation)

33. Plaintiff realleges and incorporates herein by this reference each of the foregoing paragraphs as though fully set forth herein.

34. By reason of this retaliatory conduct plaintiff suffered the loss of employment, wages and benefits, emotional pain, humiliation, mental anguish, loss of enjoyment of life and emotional distress, all in violation of the Illinois Human Rights Act, 775 ILCS 5/101, et. seq.

### Count V

### (Section 1981 - Breach of Contract/Wrongful Discharge)

35. Plaintiff realleges and incorporates herein by this reference each of the foregoing paragraphs as though fully set forth herein.

36. By reason of the afore described conduct plaintiff suffered the loss of employment, wages and benefits, emotional pain, humiliation, mental anguish, loss of enjoyment of life and emotional distress, all in violation of Civil Rights Act of 1866, 42 U.S.C. Sec. 1981.

### Count VI

### (Wrongful Discharge - Constructive Discharge)

37. Plaintiff realleges and incorporates herein by this reference each of the foregoing paragraphs as though fully set forth herein.

38. By reason of the afore described conduct plaintiff suffered the loss of employment, wages and benefits, emotional pain, humiliation, mental anguish, loss of enjoyment of life and emotional distress, all in violation of Illinois common law.

WHEREFORE, plaintiff, JASON E. HAAKE, prays this honorable court for the entry of a judgment in his favor and against defendant MACNEIL AUTOMOTIVE PRODUCTS LLC a/k/a MacNeil Automotive Products Ltd d/b/a Weathertech, as follows:

A. Finding and declaring that defendant MacNeil Automotive Products LLC unlawfully violated plaintiff's rights under Title VII, the IHRA, Section 1981 and Illinois common law,

B. Awarding plaintiff compensatory damages, including but not limited to, lost wages and benefits, in such an amount as will reasonably compensate him for his losses, and damages for emotional distress,

C. Awarding plaintiff punitive damages in such amount as the Court deems proper,

D. Awarding plaintiff his costs, attorneys fees and non-taxable expenses incurred in this action,

E. Granting plaintiff such other, further and different relief as the Court deems proper and just.

JASON E. HAAKE

By: /s/ John E. Partelow
His Attorney

John E. Partelow
Attorney for Plaintiff
Law Office of John E. Partelow
81 North Ottawa Street
2nd Floor
Joliet, Illinois 60432
(815)723-4400
jepartelow@aol.com

EEOC Form 161 (11/2020)     **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Jason E. Haake<br>c/o John Partelow, Esq<br>81 North Ottwa Street, 2nd floor<br>Joliet, IL 60432 | From: | Chicago District Office<br>230 S. Dearborn<br>Suite 1866<br>Chicago, IL 60604 |
|---|---|---|---|

[ ]   *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 440-2020-00472 | Robert Shelton, Investigator | (312) 872-9725 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ]   The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ]   Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ]   The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ]   Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X]   The EEOC issues the following determination: The EEOC will not proceed further with its investigation, and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

[ ]   The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ]   Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*Julianne Bowman/msd*      9/7/2021

Enclosures(s)     **Julianne Bowman, District Director**     *(Date Issued)*

cc:   **MacNeil Automotive Products, Ltd.**
c/o Mark Spognardi, Esq
Spognardi Baiocchi LLP
233 S. Wacker Drive, Suite 6154
Chicago, IL 60606



EXHIBIT "A"